**Alvin MOORE, Petitioner–Appellant,**

v.

**Anthony P. KANE, Warden, Respondent–Appellee.**

No. 06–55490.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 14, 2007.

Alvin Moore, Soledad, CA, pro se.

J. Conrad Schroeder, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner Alvin Moore appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *see McQuillion v. Duncan,* 306 F.3d 895, 899 (9th Cir.2002), and we affirm.

Appellee contends that we lack jurisdiction because there is no federally protected interest in parole release in California, and thus, Moore has failed to state a federal claim. As the appellee acknowledges, this contention is foreclosed by *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127–28 (9th Cir.2006).

Moore contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated his due process rights. We disagree. We conclude that there was no due process violation because some evidence of several factors supports the Board's decision. *See Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Sass,* 461 F.3d at 1128–29.

Moore next contends that the Board violated his due process rights by violating uniform term principles set forth in Cal.Penal Code § 3041(b). We disagree. *See* Cal.Penal Code § 3041(b); *In re Dannenberg,* 34 Cal.4th 1061, 1071, 1098 n. 18, 23 Cal.Rptr.3d 417, 104 P.3d 783 (2005) (concluding that the Board has no duty to

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

engage in a comparative analysis of other offenses or to apply uniform term principles before finding petitioner suitable for parole and rejecting petitioner's contention that he was denied due process arising from his protected liberty interest, and expectation, in a uniform parole release date); *see also Sass,* 461 F.3d at 1127–29.

Accordingly, Moore has failed to demonstrate that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

**AFFIRMED.**

---

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.